OPINION OF THE COURT
Robert C. Mulvey, J.
The question presented in this proceeding pursuant to article 16 of the Election Law is whether an affidavit ballot cast at the *541 November 6, 2007 election should be opened and counted. The petitioner seeks a determination that the ballot should not be opened because the date set forth in three locations on the affidavit ballot envelope was November 7, 2007.
The original envelope has been presented to the court. One side of the envelope sets forth the affidavit oath with the date of November 7, 2007 next to the voter signature, and the same date for the jurat by the election inspector. On the reverse side of the envelope, the voter signed a separate “affidavit” and set forth the same date. It is undisputed that the ballot was cast at the polling place on election day, November 6, 2007, and it is undisputed that the voter is entitled to vote.
The parties have waived an evidentiary hearing.
Discussion
The petitioner contends that this ballot does not comply with section 8-302 of the Election Law because the date of the affidavit and signature is the day after election day.
The respondent contends that the erroneous dates do not invalidate the ballot.
Election Law § 8-302 (3) (e) (ii) sets forth the requisite information for the envelope to be provided by the inspectors to the voter. Omitted from the statute is any reference to the date of the affidavit.
Affidavit ballots have been opened and counted even where they failed to identify the election district (Matter of Panio v Sunderland, 4 NY3d 123 [2005]). In that case, the Court of Appeals noted that the risk of fraud inherent in absentee balloting is less in affidavit voting, where the voter presents himself or herself in person before board personnel on election day. (Id. at 128.) In Matter of Gross v Albany County Bd. of Elections (10 AD3d 476 [3d Dept 2004], affd 3 NY3d 251 [2004]) the voter’s affidavit was not witnessed by the election inspector, yet the Court held that the acknowledgment complied with Election Law § 8-302 (3) (e) (ii) and the vote was counted.
In this case, the court can reasonably infer that an affidavit ballot presented to a voter at the polling place on election day, completed by the voter in the presence of board personnel, was properly issued and collected. The statutory procedure outlined in section 8-302 (3) (e) (ii) requires the board personnel to obtain the completed affidavit from the voter and directs that “[t]he voter shall then, without further inquiry, be permitted to vote *542 an emergency ballot provided for by this chapter.” Since the affixing of the date on the envelope is not addressed by the statute, an erroneous date cannot be the basis for invalidation of the ballot.
Conclusion
For the foregoing reasons, the petition is denied.